UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ROSS B. RADKE, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>VILLAGE OF LUDLOW, et al., )<br>)<br>    Defendants. )<br>)<br>) | Case No. 19-cv-2102 |

## ORDER

On April 22, 2019, Plaintiff filed a Complaint (#1) against Defendants Village of Ludlow, Steven Thomas (President of the Village of Ludlow), Deborah Roemer, Aaron Galloway, Robert M. Travers, City of Ottawa, and Robert M. Eschbach (Mayor of the City of Ottawa). Defendant Roemer was dismissed from the action on May 8, 2019. All of the remaining Defendants have filed Motions to Dismiss (#5, #9, #11, #14). For the reasons that follow, Defendants' Motions to Dismiss are all GRANTED.

BACKGROUND

According to the allegations in the Complaint, Plaintiff lives in Ludlow, Illinois. Plaintiff alleges that Defendant Village of Ludlow "caused damage to my enterprise" and enacted unconstitutional ordinances and polices. Plaintiff alleges that Steven Thomas, as the President of the Village of Ludlow, "personally participated in causing damage to my enterprise," directing the police to deprive him and others of their civil rights.

Plaintiff alleges that Aaron Galloway is an attorney who "personally participated in causing injury to my enterprise" and "participated in mail fraud, wire fraud and other racketeering activities violating my civil rights."

The Complaint further alleges that Robert M. Travers is a Livingston County judge, who injured Plaintiff's enterprise and violated Plaintiff's rights through extortion and racketeering activity.

Defendant City of Ottawa and its mayor, Defendant Robert M. Eschbach, also allegedly damaged Plaintiff's enterprise through racketeering activity.

In a section entitled "Statement of Claims," Plaintiff alleges three claims. First, that the Village of Ludlow conspired to violate his rights by passing an ordinance regarding sexual harassment and by investigating him. The second claim states that an Order of Protection was entered against Plaintiff in Livingston County, and suggests that the situation violated his rights or was somehow the result of "racketeering activities." The last claim states that Plaintiff was charged with crimes while living in Ottawa, Illinois, which was a conspiracy, and that and other "acts of racketeering" violated his rights.

ANALYSIS

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, *not* to decide the merits of the case. See *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 832 (7th Cir. 2015), quoting Fed. R. Civ. P. 8(a)(2). This requirement is meant to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When

ruling on a motion to dismiss, a court must accept, as true, all factual allegations contained within the complaint.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, the complaint need only contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 570.  However, "[n]either conclusory legal statements nor abstract recitations of the elements of a cause of action add to the notice that Rule 8 demands, so they do not help a complaint survive a Rule 12(b)(6) motion." *Huri*, 804 F.3d at 832, *citing Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010).  A plaintiff must provide factual allegations that are enough to raise the right to relief above the speculative level.  *Twombly*, 550 U.S. at 555.

Defendants argue that Plaintiff's Complaint should be dismissed because Plaintiff failed to plead sufficient facts to support any federal cause of action. Plaintiff has not filed a response to any of the Motions to Dismiss.

The court agrees with Defendants.  A complaint must give a defendant fair notice of what the claim is and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555. Plaintiff's vague and conclusory statements are insufficient to do so, and thus they cannot survive the motions to dismiss.  *Huri*, 804 F.3d at 832.  Defendants' Motions to Dismiss are therefore GRANTED.

IT IS THEREFORE ORDERED THAT:

(1)   Defendants' Motions to Dismiss (#5, #9, #11, #14) are GRANTED.

(2)   Plaintiff's Complaint (#1) is DISMISSED without prejudice.

(3)   Plaintiff has 21 days from the date of this order to amend his complaint.

Failure to do so will result in dismissal of this case with prejudice.

ENTERED this 8th day of July, 2019.

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE